UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE JOAQUIN SERRATO, § § | |
| Plaintiff, § § | |
| v. § | CIVIL ACTION NO. |
| § | |
| MICHAEL R. POMPEO, § in his official capacity as § Secretary of State of the United States, § § | |
| Defendant. § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF

### PRELIMINARY STATEMENT

1. This is an action to secure a fundamental right of citizenship for a United States Citizen. Plaintiff Jose Joaquin Serrato is a United States citizen by virtue of his birth in Eagle Pass, Texas, on XXX, 1965. Less than three years ago, the United States Department of State issued Mr. Serrato a valid passport. On or about October 18, 2018, the agency abruptly revoked Mr. Serrato's passport because they incorrectly suspect that he is "not a U.S. national." In fact, Mr. Serrato was born in the U.S. and has resided here for more than fifty years, since he was three years old. He attended Houston public schools and supports his family from his work as a repairman. Without a valid passport, Mr. Serrato has been unable to reunify with his wife and twelve-year-old daughter, who live in Nuevo Laredo, Tamaulipas, Mexico.

2. Mr. Serrato seeks a declaration under the applicable provisions of the Immigration and Nationality Act of 1952, 8 U.S.C. §§ 1401(a) and 1503, and the Fourteenth Amendment to the U.S. Constitution, that he is a U.S. citizen, endowed with all the privileges and immunities of United States citizenship, including the right to a U.S. passport.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346 (actions against officers of the United States), and 8 U.S.C. § 1503 (denial of rights and privileges as a United States citizen).

4. Declaratory relief is authorized pursuant to 28 U.S.C. § 2201.

5. Venue is proper in this Court in accordance with the provisions of 28 U.S.C. § 1391(e) and 8 U.S.C. § 1503(a).

## PARTIES

6. Plaintiff Jose Joaquin Serrato is a United States citizen who resides in Houston, Texas. He was born in Eagle Pass, Texas.

7. Defendant Michael R. Pompeo is sued in his official capacity as Secretary of State of the United States, duly appointed by the President and ratified by Congress. He is head of the United States Department of State, which manages and supervises the National Passport Center, which issues passports to United States citizens.

## FACTUAL ALLEGATIONS

8. Jose Joaquin Serrato was born in a midwife's house at 1568 Bryan Street in Eagle Pass, Texas, on XXX, 1965. His mother, Carmen Catalina Serrato, delivered Plaintiff with the assistance of a midwife. The attending midwife signed Mr. Serrato's Texas Certificate of Birth on XXX, 1965. She timely registered his birth with the Maverick County registrar on XXX, 1965.

9. Plaintiff's father, Jose Serrato Blanco, was born in Mexico. He became a lawful permanent resident of the United States in 1957. At the time of Plaintiff's birth, his father was working as a laborer in Crystal City, Texas.

10. Plaintiff's mother, Carmen Catalina Serrato (maiden name Carmen Catalina Robles Guardiola) was born in Mexico. She married Plaintiff's father on or about January 24, 1965. They had a long-distance marriage for approximately three years; he lived and worked in Crystal City, and he would come to visit her in Piedras Negras, where she lived.

11. At the time of Plaintiff's birth, Plaintiff's mother lived in Piedras Negras, Coahuila, Mexico. In about 1961, U.S. immigration officials issued her a border crossing card, which authorized her to cross freely between the U.S. and Mexico for 72-hour trips. She frequently visited Eagle Pass, located just across the border from Piedras Negras, using that card.

12. At the time of Plaintiff's birth, Plaintiff's mother had significant family ties in Texas, including: her mother, Trinidad Guardiola Herrera, a lawful permanent resident of the United States; her step-father, Jesus Ramos Trejo, a U.S. citizen born in Texas; and her two younger half-siblings, Adelina Ramos and Jesus Guadalupe Ramos, both U.S. citizens born in Texas. Plaintiff's mother's mother lived in Eagle Pass, Texas with the two children, who also traveled to Batesville, Texas, where their father was living and working.

13. On the day of Plaintiff's birth, XXX, 1965, Plaintiff's mother was in Eagle Pass, Texas, and she was approximately nine months pregnant. While in Eagle Pass, she felt strong labor pains. She went to a local midwife in Eagle Pass, who helped Plaintiff's mother to deliver Plaintiff later that same evening. Plaintiff's mother remained in Eagle Pass for approximately a few days, and then returned to her home in Piedras Negras with Plaintiff.

14. The midwife, a woman named Juanita Rodriguez, signed Plaintiff's birth certificate on XXX, 1965, and registered Plaintiff's birth with the Maverick County registrar on XXX, 1965. *See* Exhibit 1.

15. Plaintiff was baptized at Our Lady of Refuge Church in Eagle Pass, Texas, on November 27, 1966. His baptismal certificate also lists his place of birth as Eagle Pass, Texas. *See* Exhibit 2.

16. For the first three years of his life, Plaintiff lived with his mother in Piedras Negras. Plaintiff's father regularly visited Plaintiff and his mother. Plaintiff's father also petitioned for his wife to obtain her lawful permanent residency.

17. On or about April 10, 1968, Plaintiff's mother became a lawful permanent resident of the United States. Shortly thereafter, Plaintiff and his mother joined his father in Texas, where they have resided ever since. Plaintiff was about three years old at the time.

18. Plaintiff and the Serrato family lived briefly in San Antonio, Texas, before settling permanently in Houston, Texas. Plaintiff completed his primary and secondary education at Houston public schools, graduating from Ross Shaw Sterling High School in Houston, Texas, in 1984. He earned his associates degree in 1988, from the National Education Center, in Houston, Texas. Plaintiff has two younger siblings, with whom he grew up in Houston.

19. Plaintiff is currently married and has three children. His first daughter, Adrienne, was born in Texas on XXX, 1986. His son, Joe Cesar, was born in Texas on XXX, 2000.

20. In 2003, Plaintiff met his current wife, Maria Del Refugio Perez Olvera, in Nuevo Laredo, Tamaulipas, Mexico. Between 2003 and 2006, Plaintiff travelled to Nuevo Laredo about twice a month to visit her. Each time he crossed back across the U.S.-Mexico border, U.S. immigration officials allowed him into the country without incident.

21. Plaintiff's second daughter, C.S.P., was born in Matamoros, Tamaulipas, Mexico, on XXX, 2006. On October 21, 2009, the United States Department of State issued a Consular Report of Birth Abroad of a Citizen of the United States of America for Plaintiff's daughter. In

doing so, the State Department acknowledged Plaintiff's U.S. citizenship. *See* 22 C.F.R. § 50.7; *see also* 8 U.S.C. § 1401(d). *See* Exhibit 3.

22. In 2009, Plaintiff filed with the U.S. Citizenship and Immigration Service an I-130 Petition for Alien Relative on behalf of his wife, seeking a legal permanent resident card that would allow her to immigrate to the United States along with their daughter. In June 2015, Plaintiff's wife attended a visa interview at the U.S. consulate in Ciudad Juarez, Chihuahua, Mexico. Nearly four years later, her visa application remains on administrative hold as a result of Defendant's investigation of Mr. Serrato's citizenship.

23. On August 25, 2015, Plaintiff applied for a United States passport with the State Department. On October 6, 2015, the State Department informed Plaintiff that "[his] birth record was filed on 12/16/1965 by a birth attendant who is suspected of submitting false birth records."

24. Juanita Rodriguez, the midwife who assisted at Mr. Serrato's birth, and her daughter, Catalina Hernandez, were charged in federal court with registering false births in the late 1960s. Rodriguez's charges were dropped due to her age and mental state. Hernandez was sentenced to nine months in prison on July 24, 1969, with her sentence suspended, provided that she cooperate with the United States Immigration and Naturalization Service to "clear[] up false birth registrations" filed by her and her mother. Because Mr. Serrato's birth was attended by a midwife whom the Department of State suspected of submitting false birth records, the agency requested that Mr. Serrato provide additional documents to support his passport application.

25. On March 10, 2016, Plaintiff responded to the Department of State's request by submitting a Supplemental Questionnaire to Determine Entitlement for a U.S. Passport. He attached the following:

(a) His birth certificate, which indicated that he was born in Eagle Pass, Texas;

(b)  His baptismal certificate from his baptism on November 27, 1966, at Our Lady of Refuge Church in Eagle Pass, Texas;

(c)  His childhood immunization records from the City of Houston;

(d)  His grade reports from the Houston Independent School District, beginning in fifth grade.

26.  Shortly after receiving these documents, on March 29, 2016, Defendant determined that Mr. Serrato was in fact a U.S. citizen and issued Plaintiff a passport. *See* 22 C.F.R. § 51.40 (stating that an applicant must prove their citizenship before being issued a passport); *see* Exhibit 4.

27.  On or about September 14, 2017, Diplomatic Security Service Special Agents from the U.S. Department of State visited Plaintiff's parents at their home in Houston, Texas. Plaintiff's mother and father speak very little English. Plaintiff's mother and father were 76 and 80 years old, respectively, at the time.

28.  The Special Agents arrived unannounced and demanded to speak with Plaintiff's mother. The Special Agents interrogated Plaintiff's mother in Spanish. She felt scared and confused by the conversation. When Plaintiff's father attempted to enter the conversation to protect his wife against the Special Agents' harassing questioning, the agents threatened him with arrest. Neither Plaintiff nor any other members of Plaintiff's family were present that day.

29.  The Special Agents insisted that they believed Plaintiff's documents were false, and that he was actually born in Mexico. Plaintiff's mother informed them that Plaintiff was born in Eagle Pass, Texas. She told them that she had not paid the midwife to falsely register his birth.

30.  Nevertheless, on October 19, 2018, the Department of State abruptly revoked Plaintiff's passport on the grounds that it was illegally, fraudulently or erroneously obtained from

the Department because Defendant believes Mr. Serrato is "not a U.S. national." *See* Exhibit 5. In the letter, the Department of State claimed that Plaintiff's mother "voluntarily stated to Diplomatic Security Service Special Agents that [Mr. Serrato was] born in Mexico, and that the midwife listed on [Mr. Serrato's] Texas birth certificate was paid to fraudulently register [Mr. Serrato's] birth in the United States." This claim is incorrect.

31. As a result of Defendant's revocation of his passport, Plaintiff has been unable to visit his wife and twelve-year-old daughter, who reside in Mexico. In addition, he has been unable to reunify with them because his I-130 visa application is on indefinite hold.

32. Plaintiff surrendered his passport to the Department of State on February 22, 2019.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF – 8 U.S.C. § 1503

33. Plaintiff realleges and incorporates by reference the preceding paragraphs of this complaint.

34. Plaintiff asserts that he is a United States citizen by virtue of his birth within the boundaries of the United States, as mandated by the Fourteenth Amendment to the U.S. Constitution, and is therefore entitled to a passport.

35. Plaintiff provided proof of his U.S. citizenship upon filing his application for a U.S. passport, and in responding to a request to supplement his application. The Department of State and Department of Homeland Security have recognized Plaintiff as a citizen of the United States on numerous occasions, including:

    (a)    Issuing Plaintiff a passport;

 (b) Recognizing Plaintiff's daughter C.S.P. as a U.S. citizen following her birth abroad; and

 (c) The many times Plaintiff crossed the U.S.-Mexico border into the United States on the basis of his United States citizenship.

36. Defendant Secretary of State revoked Plaintiff's passport as shown by the letter dated October 19, 2018, citing 22 C.F.R. § 51.62(b). There is no administrative appeal to the decision of the Department of State. *See* 22 C.F.R. § 51.70(b)(5).

37. Defendant Secretary of State's violate Plaintiff's rights as a U.S. citizen by the Fourteenth Amendment to the U.S. Constitution to carry a U.S. passport.

38. Defendant Secretary of State's revocation of Plaintiff's passport application represents a denial of a privilege and immunity of U.S. citizenship within the meaning of 8 U.S.C. § 1503. Plaintiff is thus entitled to bring a declaratory judgment action seeking *de novo* review and a declaration that he is a U.S. citizen, entitled to carry a U.S. passport.

## ATTORNEY'S FEES

39. Plaintiff is entitled to recover from defendant his reasonable attorney's fee and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and 5 U.S.C. *et. seq*.

## PRAYER FOR RELIEF

40. Plaintiff prays that this Court grant relief as follows:

(a) Declare that Plaintiff is a U.S. Citizen by virtue of his birth in Texas and is thus entitled to the issuance of a U.S. Passport;

(b) Order that Defendant issue Plaintiff a U.S. Passport based on his properly executed application;

(c)     Award Plaintiff his reasonable attorney's fees and costs pursuant to 28 U.S.C. § 2412(d) and 5 U.S.C. 504 *et. seq.*

(d)     Award Plaintiff such other and further relief as he may be entitled to at law or in equity.

Dated: March 1, 2019                     Respectfully submitted,

/s/ Peter McGraw
Peter McGraw
Texas Bar No. 24081036
S.D. Tex. No. 2148236
Lauren Joyner
Texas Bar No. 24098893
S.D. Tex. No. 1512168
TEXAS RIOGRANDE LEGAL AID, INC.
1206 E Van Buren St.
Brownsville, TX 78520-7058
Tel. 956-982-5543
Fax: 956-541-1410
Email: pmcgraw@trla.org
Email: ljoyner@trla.org

Ranjana Natarajan
Texas State Bar: 24071013
THE UNIVERSITY OF TEXAS SCHOOL OF LAW – CIVIL RIGHTS CLINIC
727 E. Dean Keeton Street
Austin, TX 78705
Tel: 512-232-1292
Fax: 512-232-0800
Email: rnatarajan@law.utexas.edu

On the complaint:
Harjeen Zibari, Law Student, 2L
Kevin Trahan, Law Student, 2L