United States District Court
Southern District of Texas
**ENTERED**
October 31, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JOSE JOAQUIN SERRATO, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-19-733 |
| | § | |
| ANTHONY BLINKEN, | § | |
| | § | |
| *Defendant*. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is a motion for attorney's fees filed by plaintiff Jose Joaquin Serrato. Dkt. 64. Serrato seeks reasonable attorney's fees, expenses, and costs pursuant to the Equal Access to Justice Act ("EAJA"). *Id.* Defendant Anthony Blinken, the United States Secretary of State (the "Secretary") filed a response. Dkt. 65. After considering the motion, response, proceedings before this court, and the applicable law, the court is of the opinion that the motion should be DENIED.

### I. BACKGROUND

While Serrato filed this lawsuit on March 1, 2019, it actually began much earlier. Dkt. 1. Serrato was born on December 12, 1965, to Carmen Catalina Serrato. *Id.* A midwife named Juanita Rodriguez helped with the delivery, signed Serrato's birth certificate, and registered his birth with Maverick County, Texas. *Id.* In August 2015, Serrato applied for a U.S. passport, and the U.S. State Department informed Serrato that the midwife who filed his birth record, Rodriguez, was suspected of submitting false birth records. *Id.* Rodriguez and her daughter were charged in federal court with registering false birth records. *Id.*

Serrato provided the State Department with documentation to support his claim that he was born in the United States, and the State Department issued him a passport. *Id.* However, in September 2018, the State Department revoked Serrato's passport on the grounds that it was illegally, fraudulently, or erroneously issued. *Id.* This finding was based on an interview special agents had with Serrato's mother. *Id.* Serrato subsequently sued the Secretary under 8 U.S.C. § 1503 in this court. *Id.* Serrato sought a declaration that he is a U.S. citizen and entitled to carry a passport. *Id.* He also sought reasonable attorney's fees pursuant to the EAJA in his complaint. *Id.*

On June 15, 2022, the court held a bench trial to resolve the question of whether Serrato is a U.S. citizen by birth in Eagle Pass, Texas. Dkt. 62 (findings of fact and conclusions of law). The court made credibility determinations and found that the special agent who had interviewed Serrato's mother in 2018 (in Spanish) misunderstood what Serrato's motion said and that her statement thus did not contradict her testimony for this case that Serrato was born in Eagle Pass, Texas. *Id.* The court concluded that Serrato met his burden of showing by a preponderance of the evidence that he is a U.S. citizen by birth in Eagle Pass, Texas. *Id.*

Serrato now moves for attorney's fees pursuant to the EAJA, and the Secretary is opposed to this request. Dkts. 64, 65. The motion is ripe for disposition.

## II. LEGAL STANDARD

Under the EAJA,

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having

> jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  The net worth of the party seeking fees, however, may not exceed $2,000,000 at the time of the civil action.  *Id.* § 2412(d)91)(B).  There are other financial requirements that are not relevant here.  *Id.*  "Substantially justified" as used in this statute "does not mean justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person."  *W.M.V.C. v. Barr*, 926 F.3d 202, 208 (5th Cir. 2019) (cleaned up).  The standard is not "overly stringent," but "the government must do more than show it is merely undeserving of sanctions for frivolousness."  *Id.* (cleaned up).  The government must show that it "had a reasonable basis both in law and fact" in "every stage of the proceedings." *Id.*  The court should evaluate the government's position under the totality of the circumstances." *Id.* at 210.  Thus, "[p]rovided the government's position as a whole was reasonable, a prevailing party may not recover EAJA fees even though some of the government's actions or arguments were without merit."  *Id.*

### III. ANALYSIS

There is not dispute that Serrato meets the financial requirements of the EAJA.  Dkts. 64, 65. The dispute is, instead, whether the Secretary's position was "substantially justified."  Serrato asserts that the Secretary's position was not substantially justified because (1) the only birth records in this case was show Serrato was born in Eagle Pass, Texas; (2) the Texas Department of Health and Human Services removed the addendum to Serrato's birth certificate that had called it into question shortly after this litigation was filed, finding no information that contradicted the birth certificate; (3) despite the Secretary's assertion that Rodriguez said she fraudulently registered Serrato's birth

certificate, the evidence is instead merely a document listing 666 names that INS claimed were falsely registered; and (4) any alleged prior inconsistent statements by Serrato's mother could only be relied upon for impeachment, not as evidence of any fact.  Dkt. 64.

The Secretary asserts that the government's position was substantially justified because there was a question of fact throughout the litigation as to whether Serrato is a U.S. citizen by virtue of being born in Eagle Pass, Texas.  Dkt. 65.  The Secretary concedes that Serrato's Texas birth certificate provided *evidence* that he was born in the United States, but the Secretary contends that the government's position that the birth certificate was invalid was substantially justified because there was also evidence that it was fraudulent.  *Id.*  Namely, (1) the birth certificate had been identified as fraudulent, and it was reasonable for the Secretary to rely on documents identifying the birth certificate as fraudulent notwithstanding the State of Texas's decision to remove the addendum on the certificate[1]; (2) Agent Jason Thomas asserted throughout these proceedings that Serrato's mother stated to him during an interview that both of her sons were born in Mexico; (3) Serrato did not offer a contrary statement from his mother until after the parties mediated; and (4) when Serrato's mother was deposed, she could not remember how she got to Eagle Pass or anything about

---

[1]  The Secretary provides the court with case law indicating that it is not bound by the Full Faith and Credit Act to accept the State of Texas's determination with regard to Serrato's citizenship; instead, it is merely evidence the court may consider.  *See* Dkt. 65; *see also Bustamante-Barrera v. Gonzales*, 447 F.3d 388, 400 (5th Cir. 2006) ("Our refusal to credit the amended decree (regarding the plaintiff's custody status under state law) for purposes of federal immigration law does not even implicate the Full Faith and Credit Act.") (finding that the plaintiff's "custody status under state law might provide evidence of his such status for federal naturalization purposes"); *Garcia v. Kerry*, 557 F. App'x 304, 308 (5th Cir. 2014) (unpublished) (finding that the plaintiff's "citizenship status 'is determined by federal law; it is *not* dependent on the law of any particular state'" (quoting *Bustamante-Barrera*)).  The court indeed determined that this was strong evidence, but it agrees with the Secretary that Texas's determination did not negate the need for a trial in this case.

the birth or birth certificate, so the Secretary reasonably found that her inconsistent testimony about where Serrato was born was unreliable.  *Id.*  Thus, the Secretary argues that while the court may have given greater weight to Serrato's mother's testimony that Serrato was born in Eagle Pass and the State of Texas's decision to accredit the birth certificate, this does not mean that the Secretary's position was unjustified.  *Id.*

The court agrees with the Secretary.  A trial was necessary to resolve issues of fact in this case.  After considering the totality of the circumstances, the court finds that the Secretary had a reasonable position throughout the litigation and that the Secretary's position as a whole was substantially justified.

## IV. CONCLUSION

Serrato's motion for attorneys' fees under the EAJA (Dkt. 64) is DENIED.

Signed at Houston, Texas on October  31 , 2022.

Gray H. Miller
Senior United States District Judge